IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KAY LYNN GILBERT                                                                              PLAINTIFF

        v.                              Civil No. 2:15-cv-2078-PKH-MEF

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                        DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Kay Gilbert, brings this action under 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration ("Commissioner") denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.**    **Procedural Background:**

Plaintiff filed her application for DIB on December 18, 2012, alleging an onset date of December 5, 2012, due to multiple sclerosis ("MS"), a fractured T-12 vertebrae, thyroid problems, heart problems, and depression. (Tr. 131-134, 160, 175-176, 195) The Commissioner denied her applications initially and on reconsideration. (Tr. 78-80, 84-85). At the Plaintiff's request, an Administrative Law Judge ("ALJ") held an administrative hearing on September 5, 2013. (Tr. 27-56) Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 52 years old with the equivalent of a high school education. (Tr. 30) The Plaintiff also had vocational training as a cosmetologist. (Tr. 30) She had

past relevant work ("PRW") experience as a cosmetologist/manicurist and cashier. (Tr. 32-34, 75, 167-174)

On October 15, 2013, the ALJ concluded that the Plaintiff's multiple sclerosis, chronic obstructive pulmonary disease ("COPD"), and fracture of the back were severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 18-19. He concluded that the Plaintiff could perform a range of light work, but must avoid moderate exposure to pulmonary irritants, dusts, odors, and other pulmonary irritants. Tr. 18-23. With the assistance of a vocational expert, the ALJ found the Plaintiff could perform work as a cashier. (Tr. 23)

The Appeals Council denied the Plaintiff's request for review on March 17, 2015. Tr. 1-4. Subsequently, Plaintiff filed this action. ECF No. 1. This matter is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 8, 9.

## II.   **Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Teague v.* Astrue, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other

2

words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520(a)(4)(v).

### III.     Discussion:

The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure his decision is an informed decision based on sufficient facts. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). However, the ALJ is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record. *Whitman v. Colvin*, 762 F.3d 701, 707 (8th Cir. 2014) (quoting *Clark v. Shalala*, 28 F.3d 828, 830-31 (8th Cir. 1994). While "[a]n ALJ should recontact a treating or consulting physician if a critical issue is undeveloped," "the ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010) (quotation, alteration, and citation omitted).

In the present case, the Plaintiff suffers from severe COPD, resulting in at least five trips to the emergency room and one extended hospitalization between January and September of 2013. (Tr. 267-273, 275-277, 354-369, 370-388, 389-421, 427-446) Her symptoms include wheezing and significant shortness of breath with exertion. Inpatient treatment has consisted of intravenous antibiotic infusion, nebulizer treatments, oxygen therapy, and steroids. Similarly, home treatment has included nebulizer treatments, inhalers, and steroid therapy. The ALJ is correct in stating that the Plaintiff's condition responds well to inpatient treatment, at least initially; however, the evidence makes clear that she continues to experience significant flare-ups requiring frequent emergent treatment. Further, doctors have recommended pulmonary function studies,[1] but the Plaintiff's lack of insurance and financial hardship have prevented her from undergoing these tests.

---

[1] Pulmonary function tests are non-invasive tests that measure how well the lungs work. *See Pulmonary Function Tests*, *at* http://www.hopkinsmedicine.org/healthlibrary/test_procedures/pulmonary/pulmonary_function_tests_92,p07759/ (last accessed April 14, 2016). Such tests are very important to understanding the level of limitation imposed by an individual's lung impairment.

The record also makes clear that exertion exacerbates the Plaintiff's pulmonary impairment. The extent of limitation this places on her ability to perform work-related tasks (*i.e.,* sedentary vs. light work), however, is not certain. And, the record does not contain an RFC assessment from a treating or examining physician to provide the ALJ with guidance concerning the work-related limitations imposed by this impairment. Instead, the ALJ relied on the recommendations of non-examining consultants who merely reviewed the Plaintiff's medical records. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). While there are cases in which we have upheld an ALJ's reliance on the assessments of medical consultants, due to the nature of the Plaintiff's impairment and the absence of evidence from a treating or examining source to indicate the extent of limitation it imposes, we find that remand is necessary to allow the ALJ to develop the record further. Without this information, we cannot say that substantial evidence supports that ALJ's decision

On remand, the ALJ is directed to order a consultative pulmonary examination, complete with pulmonary function tests and an RFC assessment.

**IV. Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties**

5

**that objections must be both timely and specific to trigger de novo review by the district court.**

      DATED this 15th day of April, 2016.

                                      /s/ Mark E. Ford
                                      HONORABLE MARK E. FORD
                                      UNITED STATES MAGISTRATE JUDGE